UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT EDGAR HAMMERSLEY,

   Plaintiff,

   v.            Case Nos. 19-C-1853 and 19-C-1855

DUSTAN PETERSON, et al.,

   Defendants.

## SCREENING ORDER

  Plaintiff Robert Hammersley, proceeding without counsel, filed two separate complaints naming more than twenty defendants in each, most of whom appear to be Brown County judges, prosecutors, defense attorneys, and witnesses in current or previous cases against him. Both cases are before the court on Hammersley's motion for leave to proceed without prepaying the filing fee. Hammersley is required to pay the statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a litigant does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. Here, it appears that Hammersley is indigent, so the filing fee will be waived.

  Notwithstanding the fact that Hammersley has been granted leave to proceed *in forma pauperis*, the court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's statements must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Hammersley's complaints fail to meet this standard. They are not short plain statements of a claim showing that he is entitled to relief. The complaints seem more like a table of contents listing some forty different claims but without any supporting factual statements. They contain nothing more than labels and conclusions. Instead of stating a claim in his complaints, Hammersley has furnished the Clerk with more than forty CDs with audio files presumably containing documentary and other evidence intended to support his claims. This is not what Rule 8 of the Federal Rules of Civil Procedure requires. The complaints entirely fail the crucial role

of providing fair notice to the defendants of what the plaintiff's claim is. It is unfair to force individuals to hire or otherwise seek legal representation to respond to unintelligible claims filed by a person who apparently has no idea what he is doing.

Aside from the failure to provide notice of the factual allegations supporting his claims, it also appears Hammersley has attempted to sue individuals who are either immune or were not acting under state law. In this connection, it should be noted that judges and prosecutors generally have absolute immunity for actions taken in the scope of their judicial or prosecutorial duties. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). It should also be noted that public defenders and other attorneys who defend individuals in criminal proceedings do not in doing so act under state law for purposes of determining liability under 42 U.S.C. § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

In any event, for the reasons stated above, the complaints in the above actions must be dismissed in their entirety for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that the motions in both actions to proceed without prepaying the filing fee (Dkt. No. 2) are **GRANTED**.

**IT IS FURTHER ORDERED** that the complaints in both actions are **DISMISSED** for failure to state a claim upon which relief can be granted. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 30th day of December, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.